**JUDGE KAPLAN**

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
R. Terry Parker
1540 Broadway
New York, NY 10036

Attorneys for Plaintiffs
Ben & Jerry's Homemade Inc.
and Conopco, Inc.

**12 CIV 6734**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEN & JERRY'S HOMEMADE, INC. and
CONOPCO, INC.,

    Plaintiffs,

  v.

RODAX DISTRIBUTORS, INC. d/b/a
CABALLERO VIDEO, M. MORRIS, INC. d/b/a
CABALLERO VIDEO, DANIEL MAMANE and
TOMER YOFFE,

    Defendants.

Case No.:

---

## TEMPORARY RESTRAINING ORDER AND ~~PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER, RECALL ORDER AND~~ ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION

Upon the Complaint filed herein, the Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order, Recall Order, and Order to Show Cause for a Preliminary Injunction, the sworn declarations of David Stever dated September 5, 2012, and Gregory P. Gulia dated September 5, 2012 and the exhibits thereto, it is hereby:

ORDERED, that, pending the ~~formal~~ *a* hearing on Plaintiffs' ~~order to show cause~~ *motion* for a preliminary injunction, that Defendants, ~~any entities controlled by any of Defendants in whole or part~~ *and* their agents, servants, employees, attorneys and any person(s) acting in concert or participation with any of them, ~~or having knowledge~~ *with actual notice* of this Order by personal service or otherwise, be and ~~are~~ hereby *are informed and* restrained ~~from~~: (a) *(1)* using the designations BEN & CHERRY'S, HAIRY GARCIA, EVERYTHING BUT THE BUTT, LATE NIGHT SNATCH, AMERICONE CREAM, NEW YORK SUPER FAT & CHUNKY, BOSTON CREAM THIGH, COCONUT 7 LAY-HER BAR, CHOCOLATE FUDGE BABES, PEANUT BUTTER D-CUPS, BANANA CLIT or any substantially similar designations, and the trade dress and labels depicted in Exhibit A to this Order or any substantially similar trade dress or labels (the "Infringing Materials") on or in connection with the sale, manufacture, distribution, offering for sale, advertisement, exhibition, and/or promotion of any products; (b) manufacturing, importing, exporting, advertising, distributing, selling and/or offering for sale any products bearing the Infringing Materials; (c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs; (d) affixing, applying, annexing or using in connection with the importation, exportation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs; (e) destroying or otherwise disposing of: (i) any products, labels, or advertising materials using or including the Infringing Materials; (ii) any other products which picture, reproduce, copy or use the likenesses of, or bear a substantial similarity to, any

of Plaintiffs' products; (iii) any label, package, wrapper, container or any other promotion or advertising material which reproduces, copies, counterfeits, imitates or bears the BEN & JERRY'S®, VERMONT'S FINEST®, CHERRY GARCIA®, EVERYTHING BUT THE …®, LATE NIGHT SNACK™, AMERICONE DREAM™ and/or NEW YORK SUPER FUDGE CHUNK® trademarks or any other trademark or ice cream flavor name owned or used by Plaintiffs, and/or any colorable imitations thereof, and/or any of Plaintiffs' trade dress or copyrights ("Infringed BEN & JERRY'S® Intellectual Property"); (iv) any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the Infringing Materials or any of the Infringed Materials; (v) any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the products bearing the Infringing Materials; and (f) contacting or notifying the entity or entities or person(s) from which or from whom Defendants obtained the adult entertainment products and/or labels bearing the Infringing Materials, until so authorized by Plaintiffs; and (2) immediately to

~~IT IS FURTHER ORDERED, that Defendants immediately: (a) recall all products bearing the Infringing Materials or any other symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (b)~~ remove all advertising, marketing and promotional material ~~featuring any products~~ bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the ~~Infringed BEN & JERRY'S® Intellectual Property from each and every store or entity to which Defendants have sold or distributed such materials;~~ (f) remove from the

3

Internet any and all references to and images of any products bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, including, but not limited to, electronic versions of Defendants' promotional catalog; (ii) cease distribution of all products bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property from each and every warehouse distribution center from which such materials are being distributed; (iii) provide Plaintiffs with the name(s) of the entity or entities or person(s) from which or from whom the Defendants obtained the products bearing the Infringing Materials; and (iv) provide Plaintiffs with the address(es) of the location(s) from which the products bearing the Infringing Materials were shipped to Defendants and the quantities shipped. ~~and (g) not attempt any commercialization of any decision of this Court or of anything related to these proceedings.~~

~~IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until~~ the Court renders a decision on the ~~merits of the~~ relief sought by the Order to Show Cause set forth below, or such further ~~date as~~ set by the Court, unless Defendants, or any ~~of them, so~~ stipulate or have ~~not objected to the relief requested.~~

IT IS FURTHER ORDERED, that Defendants or their attorneys show cause ~~at a motion part of this Court to be held before the Hon.~~ _____ in Courtroom **21B** of the U.S. District Courthouse, 500 Pearl Street, New York, New York on the **12th** day of **Sept**, 2012, at **2 pm**. ~~o'clock ___ .m.~~ or as soon thereafter as counsel can be heard, ~~why the Recall Order to recall~~

4

a preliminary injunction should not be issued enjoining defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of this order, (a) immediately to recall all products bearing the Infringing Materials or any other symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (b) immediately to remove all advertising, marketing, promotional material and artwork or any other symbols, indicia or devices identifying or featuring any products bearing or containing the Infringing Materials or identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (c) from engaging, directly or indirectly, in any action described in clause (1) and failing to take any action described in clause (2), in each case of the first decretal paragraph hereof,

IT IS FURTHER ORDERED that the continuation of the temporary restraint granted by this Order beyond 5 p.m. on Monday, September 10, 2012, shall be conditioned upon the plaintiff by that time and date having filed a bond or other sufficient security in the principal amount of $10,000 to indemnify defendants against any loss or damage suffered by them as a consequence of the entry of the temporary restraint in the event that said restraint ultimately proves to have been erroneously granted,

IT IS FURTHER ORDERED that this Order and the papers upon which it is granted shall be served on the defendants electronically no later than 4 p.m. today and, in addition, by courier addressed to them or, if they are represented by counsel, their attorneys for delivery on September 7, 2012, and

IT IS FURTHER ORDERED that answering and reply papers, if any, shall be filed and served no later than 5 p.m. on September 10 and 11, 2012, respectively.

SO ORDERED.

Dated: September 6, 2012
Issued at: 12:47 p.m.

_____
Lewis A. Kaplan
United States District Judge