USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/12

Bond # 1000903887

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN & JERRY'S HOMEMADE, INC. and CONOPCO, INC.
                    Plaintiff

RODAX DISTRIBUTORS, INC. d/b/a
CABALLERO VIDEO, M. MORRIS, INC. d/b/a
CABALLERO VIDEO, DANIEL MAMANE and TOMER YOFFE,
                    Defendants

TEMPORARY RESTRAINING ORDER BOND

INDEX NO. 12 CIV 6734

WHEREAS, by Order of the above entitled Court, Plaintiff __S__, was required to file an undertaking in the sum of __Ten Thousand and No/100--($10,000.00)__ DOLLARS as a condition for a Temporary Restraining Order to be in effect restraining and enjoining the above named Defendant __S__, from the commission of certain acts as more fully set forth in said order.

NOW, THEREFORE, __U.S. SPECIALTY INSURANCE COMPANY__, a corporation organized and existing under the laws of the State of __Texas__ and authorized to transact the business of Surety, as Surety, in consideration of the premises and issuance of said Temporary Restraining Order does hereby undertake to pay all costs and disbursements that may be decreed to the Defendant __s__ and such damages not exceeding the amount of __Ten Thousand and No/100--($10,000.00)__ DOLLARS as the Defendant __S__ may sustain by reason of said Temporary Restraining Order if the same be wrongfully obtained and without sufficient cause.

IN WITNESS WHEREOF, we have set our hand and seal the __6th__ day of __September__, __2012__.

U.S. SPECIALTY INSURANCE COMPANY

BY: _____
David J. Smith-Attorney-in-Fact

## ACKNOWLEDGEMENT OF ANNEXED INSTRUMENT

### Acknowledgement by Surety

**STATE OF**   New York

**COUNTY OF**   New York

On this 6th day of September , 2012 before me personally came David J. Smith who, being by me duly sworn, did depose and say that he/she is an Attorney-In-Fact of U.S. Specialty Insurance Company and knows the corporate seal thereof; that the seal affixed to said instrument is such corporate seal, and was thereto affixed by authority of the Power of Attorney of said Company, of which a Certified Copy is hereto attached, and that he/she signed said instrument as an Attorney-In-Fact of said Company by like authority.

LOURDES SCHEEL
Notary Public, State of New York
No. 01SC6082718
Qualified in New York County
Commission Expires December 18, 2014

NOTARY PUBLIC

# POWER OF ATTORNEY

**AMERICAN CONTRACTORS INDEMNITY COMPANY   UNITED STATES SURETY COMPANY   U.S. SPECIALTY INSURANCE COMPANY**

KNOW ALL MEN BY THESE PRESENTS: That American Contractors Indemnity Company, a California corporation, United States Surety Company, a Maryland corporation and U.S. Specialty Insurance Company, a Texas corporation (collectively, the "Companies"), do by these presents make, constitute and appoint:

**David J. Smith of New York, New York**

its true and lawful Attorney(s)-in-fact, each in their separate capacity if more than one is named above, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver **any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include riders, amendments, and consents of surety, providing the bond penalty does not exceed** _____ *****One Million***** _____ **Dollars ($ **1,000,000.00** ).** This Power of Attorney shall expire without further action on December 8, 2012. This Power of Attorney is granted under and by authority of the following resolutions adopted by the Boards of Directors of the Companies:

*Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:

*Attorney-in-Fact* may be given full power and authority for and in the name of and on behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.

*Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, The Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 15th day of June, 2009.

**AMERICAN CONTRACTORS INDEMNITY COMPANY   UNITED STATES SURETY COMPANY   U.S. SPECIALTY INSURANCE COMPANY**

Corporate Seals 

By: _____
Daniel P. Aguilar, Vice President

State of California

County of Los Angeles   SS:

On this 15th day of June, 2009, before me, V. Wright, a notary public, personally appeared Daniel P. Aguilar, Vice President of American Contractors Indemnity Company, United States Surety Company and U.S. Specialty Insurance Company who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _V. Wright_ (Seal)

I, Jeannie J. Kim, Assistant Secretary of American Contractors Indemnity Company, United States Surety Company and U.S. Specialty Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Companies, which is still in full force and effect; furthermore, the resolutions of the Boards of Directors, set out in the Power of Attorney are in full force and effect.

In Witness Whereof, I have hereunto set my hand and affixed the seals of said Companies at Los Angeles, California this __6th__ day of __September__, __2012__

Corporate Seals 

_____
Jeannie J. Kim, Assistant Secretary

Bond No. _1000903887_
Agency No. _11523_

## U.S. SPECIALTY INSURANCE COMPANY
## STATUTORY STATEMENT OF ADMITTED ASSETS,
## LIABILITIES, CAPITAL AND SURPLUS (1)
### December 31, 2011

### Admitted Assets

| | |
|---|---:|
| Investments: | |
| Fixed Maturities, at amortized cost | 1,612,044,660 |
| Cash and short term investments | 115,209,347 |
| Total cash and invested assets: | 1,727,254,007 |
| | |
| Accrued interest income | 18,250,745 |
| Premium receivable | 80,897,088 |
| Recoverable from reinsurers | 12,863,937 |
| Current federal income tax | 3,793,424 |
| Net deferred tax asset | 44,631,378 |
| Furniture and equipment | 77,417 |
| Receivable from parent, subsidiaries and affiliates | 1,966,960 |
| | 162,480,949 |
| Total admitted assets | 1,889,734,956 |

### Liabilities and Capital and Surplus

| | |
|---|---:|
| Liabilities: | |
| Unpaid loss and loss adjustment expense | 891,092,887 |
| Commission payable | 198,507 |
| Accrued expenses | 7,893,065 |
| Taxes, licenses, and fees | 1,687,789 |
| Unearned premiums | 293,547,009 |
| Advance premium | 12,700,264 |
| Dividends to policyholders | 42,101 |
| Ceded reinsurance balance payable | 40,167,582 |
| Funds held under reinsurance treaties | 12,417,745 |
| Amounts withheld or retained for others | 116,954,441 |
| Provision for reinsurance | 3,415,810 |
| Payable to parent, subsidiaries and affiliates | 2,319,284 |
| Total liabilities | 1,382,436,485 |
| | |
| Capital and Surplus: | |
| Surplus from admitted adjusted gross DTA under SSAP 10, paragraph 10e | 10,637,484 |
| Capital Stock | 4,000,000 |
| Additional paid-in and contributed capital | 187,288,537 |
| Unassigned surplus | 305,372,450 |
| | 507,298,471 |
| Total liabilities and capital and surplus | 1,889,734,956 |

(1) - In accordance with the statutory financial statements as filed on March 1, 2012.

I, Stephen P. MacDonough, Chief Financial Officer of U.S. Specialty Insurance Company, hereby certify that to the best of my knowledge and belief, the foregoing is a full and true Statutory Statement of Admitted Assets, Liabilities and Capital and Surplus of the Company as of December 31, 2011, prepared in conformity with accounting practices prescribed or permitted by the Texas Department of Insurance. The foregoing statement should not be taken as a complete statement of financial condition of the Company. Such a statement is available upon written request at the Company's home office located at 13403 Northwest Freeway, Houston, Texas 77040.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Corporation at Houston, Texas.

Stephen P. MacDonough
Chief Financial Officer

# CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

## STATE OF NEW YORK

## INSURANCE DEPARTMENT

It is hereby certified that

**U. S. Specialty Insurance Company**
Of Houston, Texas

a corporation organized under the laws of the State of Texas and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $530,723,825 (Capital $4,000,000) as is shown by its sworn financial statement for the year ending December 31, 2010 on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, this 20th day of May, 2011.

**James J. Wrynn**
**Superintendent of Insurance**

By *Clark J. Williams* (signature)

**Clark J. Williams**
**Special Deputy Superintendent**

Kaplan, J

JUDGE KAPLAN

...LLP

**12 CIV 6734**

...cW
... A. Frank
... Terry Parker
1540 Broadway
New York, NY 10036

Attorneys for Plaintiffs
Ben & Jerry's Homemade Inc.
and Conopco, Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN & JERRY'S HOMEMADE, INC. and
CONOPCO, INC.,

Plaintiffs,

v.

RODAX DISTRIBUTORS, INC. d/b/a
CABALLERO VIDEO, M. MORRIS, INC. d/b/a
CABALLERO VIDEO, DANIEL MAMANE and
TOMER YOFFE,

Defendants.

Case No.:

TEMPORARY RESTRAINING ORDER AND
~~PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER, RECALL ORDER AND~~ ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION

Upon the Complaint filed herein, the Memorandum of Law in Support of Plaintiffs'

Application for a Temporary Restraining Order, Recall Order, and Order to Show Cause for a

Preliminary Injunction, the sworn declarations of David Stever dated September 5, 2012, and Gregory

P. Gulia dated September 5, 2012 and the exhibits thereto, it is hereby:

ORDERED, that, pending the ~~formal~~ hearing on Plaintiffs' motion ~~order to show cause~~ for a preliminary injunction, that Defendants, ~~any entities controlled by any of Defendants in whole or part~~ and their agents, servants, employees, attorneys and any person(s) acting in concert or participation with any of them, ~~or having knowledge~~ with actual notice of this Order by personal service or otherwise, be and ~~are~~ hereby are informed and (1) restrained from: (a) using the designations BEN & CHERRY'S, HAIRY GARCIA, EVERYTHING BUT THE BUTT, LATE NIGHT SNATCH, AMERICONE CREAM, NEW YORK SUPER FAT & CHUNKY, BOSTON CREAM THIGH, COCONUT 7 LAY-HER BAR, CHOCOLATE FUDGE BABES, PEANUT BUTTER D-CUPS, BANANA CLIT or any substantially similar designations, and the trade dress and labels depicted in Exhibit A to this Order or any substantially similar trade dress or labels (the "Infringing Materials") on or in connection with the sale, manufacture, distribution, offering for sale, advertisement, exhibition, and/or promotion of any products; (b) manufacturing, importing, exporting, advertising, distributing, selling and/or offering for sale any products bearing the Infringing Materials; (c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs; (d) affixing, applying, annexing or using in connection with the importation, exportation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs; (e) destroying or otherwise disposing of: (i) any products, labels, or advertising materials using or including the Infringing Materials; (ii) any other products which picture, reproduce, copy or use the likenesses of, or bear a substantial similarity to, any

2

of Plaintiffs' products; (iii) any label, package, wrapper, container or any other promotion or advertising material which reproduces, copies, counterfeits, imitates or bears the BEN & JERRY'S®, VERMONT'S FINEST®, CHERRY GARCIA®, EVERYTHING BUT THE …®, LATE NIGHT SNACK™, AMERICONE DREAM™ and/or NEW YORK SUPER FUDGE CHUNK® trademarks or any other trademark or ice cream flavor name owned or used by Plaintiffs, and/or any colorable imitations thereof, and/or any of Plaintiffs' trade dress or copyrights ("Infringed BEN & JERRY'S® Intellectual Property"); (iv) any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the Infringing Materials or any of the Infringed Materials; (v) any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the products bearing the Infringing Materials; and (f) contacting or notifying the entity or entities or person(s) from which or from whom Defendants obtained the adult entertainment products and/or labels bearing the Infringing Materials, until so authorized by Plaintiffs; and (2) immediately to

~~IT IS FURTHER ORDERED, that Defendants immediately: (a) recall all products bearing the Infringing Materials or any other symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (b) remove all advertising, marketing and promotional material featuring any products bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property from each and every store or entity to which Defendants have sold or distributed such materials;~~ (c) remove from the

3

Internet any and all references to and images of any products bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, including, but not limited to, electronic versions of Defendants' promotional catalog; (ii) cease distribution of all products bearing the Infringing Materials or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property, and/or artwork or any symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property from each and every warehouse distribution center from which such materials are being distributed; (iii) provide Plaintiffs with the name(s) of the entity or entities or person(s) from which or from whom the Defendants obtained the products bearing the Infringing Materials; (iv) provide Plaintiffs with the address(es) of the location(s) from which the products bearing the Infringing Materials were shipped to Defendants and the quantities shipped. ~~and (g) not attempt any commercialization of any decision of this Court or of anything related to these proceedings.~~

~~IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until~~ the Court renders a decision on the ~~merits of the relief sought by the~~ Order to Show Cause set forth below, or such further date ~~as set by the Court, unless Defendants, or any of them, so~~ stipulate or have ~~not objected to the relief requested.~~

IT IS FURTHER ORDERED, that Defendants or their attorneys show cause ~~at a motion part of this Court to be held before the Hon.~~ in Courtroom **21B** of the U.S. District Courthouse, 500 Pearl Street, New York, New York on the **12th** day of **Sept**, 2012, at **2 pm** ~~o'clock ___.m.~~ or as soon thereafter as counsel can be heard, ~~why the Recall Order to recall~~

4

a preliminary injunction should not be issued enjoining defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of this order, (a) immediately to recall all products bearing the Infringing Materials or any other symbols, indicia or devices identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (b) immediately to remove all advertising, marketing, promotional material and artwork or any other symbols, indicia or devices identifying or featuring any products bearing or containing the Infringing Materials or identifying and/or associated with Plaintiffs or the Infringed BEN & JERRY'S® Intellectual Property; (c) from engaging, directly or indirectly, in any action described in clause (1) and failing to take any action described in clause (2), in each case of the first decretal paragraph hereof,

IT IS FURTHER ORDERED that the continuation of the temporary restraint granted by this Order beyond 5 p.m. on Monday, September 10, 2012, shall be conditioned upon the plaintiff by that time and date having filed a bond or other sufficient security in the principal amount of $10,000 to indemnify defendants against any loss or damage suffered by them as a consequence of the entry of the temporary restraint in the event that said restraint ultimately proves to have been erroneously granted,

IT IS FURTHER ORDERED that this Order and the papers upon which it is granted shall be served on the defendants electronically no later than 4 p.m. today and, in addition, by courier addressed to them or, if they are represented by counsel, their attorneys for delivery on September 7, 2012, and

IT IS FURTHER ORDERED that answering and reply papers, if any, shall be filed and served no later than 5 p.m. on September 10 and 11, 2012, respectively.

SO ORDERED.

Dated: September 6, 2012
Issued at: 12:47 p.m.

_____
Lewis A. Kaplan
United States District Judge