JUDGE KAPLAN

12 CIV 6734

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
R. Terry Parker
1540 Broadway
New York, NY 10036

**Redacted Pursuant to Judge Kaplan's Order**

Attorneys for Plaintiffs
Ben & Jerry's Homemade Inc.
and Conopco, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN & JERRY'S HOMEMADE, INC. and CONOPCO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RODAX DISTRIBUTORS, INC. d/b/a CABALLERO VIDEO, M. MORRIS, INC. d/b/a CABALLERO VIDEO, DANIEL MAMANE and TOMER YOFFE, <br><br> Defendants. | Case No.: <br><br> **DECLARATION OF GREGORY P. GULIA IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER, RECALL ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION** |

I hereby declare:

1. I am a partner at the law firm Duane Morris LLP, attorneys for plaintiffs in the above-captioned action, Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") and Conopco, Inc. ("Conopco") (collectively, "Plaintiffs" or "Unilever"). I respectfully submit this declaration in support of Plaintiffs' application for a temporary restraining order, recall order, and order to show cause for a preliminary injunction enjoining defendants from diluting and infringing Plaintiffs' famous BEN & JERRY'S® trademarks, trade dress, logos, ice cream flavor names, and artwork.

Defendants' Infringing Hardcore Pornographic Films

2. Attached hereto as "Exhibit A" are photographs of the product packaging and label on the "BEN & CHERRY'S" HAIRY GARCIA DVD that is at issue in this action.

3. Attached hereto as "Exhibit B" are photographs of the product packaging and label on the "BEN & CHERRY'S" AMERICONE CREAM DVD that is at issue in this action.

4. Attached hereto as "Exhibit C" are photographs of the product packaging and label on the "BEN & CHERRY'S" SUPER FAT & CHUNKY DVD that is at issue in this action.

5. Attached hereto as "Exhibit D" are photographs of the product packaging and label pm the "BEN & CHERRY'S" EVERYTHING BUT THE . . . BUTT DVD that is at issue in this action.

6. Attached hereto as "Exhibit E" are photographs of the product packaging and label on the "BEN & CHERRY'S" LATE NIGHT SNATCH DVD that is at issue in this action.

7. Attached hereto as "Exhibit F" are photographs of the product packaging and label on the "BEN & CHERRY'S" BANANA CLIT DVD that is at issue in this action.

8. Attached hereto as "Exhibit G" are photographs of the product packaging and label on the "BEN & CHERRY'S" COCONUT 7 LAY-HER BAR DVD that is at issue in this action.

9. Attached hereto as "Exhibit H" are photographs of the product packaging and label on the "BEN & CHERRY'S" CHOCOLATE FUDGE BABES DVD that is at issue in this action.

10. Attached hereto as "Exhibit I" are photographs of the product packaging and label on the "BEN & CHERRY'S" BOSTON CREAM THIGH DVD that is at issue in this action.

11. Attached hereto as "Exhibit J" are photographs of the product packaging and label on the "BEN & CHERRY'S" PEANUT BUTTER D-CUPS DVD that is at issue in this action.

Balance of the Hardships

12. In contrast to the irreparable harm suffered by the Plaintiffs, the business of the defendants in this action, Rodax Distributors, Inc. d/b/a Caballero Video, M. Morris, Inc. d/b/a Caballero Video and TOMER YOFFE, will suffer very limited effects if the requested injunctive relief enjoining their continued sale of the "BEN & CHERRY'S" products is granted. Based on the Defendants' website and product catalogue, Defendants' "BEN & CHERRY'S" films constitute only a tiny fragment of the vast library of pornographic films that Defendants produce, market, distribute and sell. Indeed, according to Defendants' websites, Defendants currently carry over 2,918 DVDs on Defendants' retail website located at bestdvdz.com and over 1427 DVDs on Defendants' wholesale website located at caballerovip.com. Enjoining the continued sale of the illegitimate "BEN & CHERRY'S" products will not cause Defendants any great hardship.

13. Furthermore, upon information and belief, removing the infringing products from Defendants' stores, websites and marketing materials would not be costly or overly burdensome.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September __, 2012

_____
Gregory P. Gulia

DM2\3724803.1