USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/12

KAPLAN, S.

RECEIVED
SEP 11 2012
JUDGE KAPLAN'S CHAMBERS

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
R. Terry Parker
1540 Broadway
New York, NY 10036

Attorneys for Plaintiffs
Ben & Jerry's Homemade, Inc.
and Conopco, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEN & JERRY'S HOMEMADE, INC. and
CONOPCO, INC.,

    Plaintiffs,

v.

RODAX DISTRIBUTORS, INC. d/b/a
CABALLERO VIDEO, M. MORRIS, INC. d/b/a
CABALLERO VIDEO, DANIEL MAMANE and
TOMER YOFFE,

    Defendants.

Case No.: 12 CIV 6734 (LAK)

---

## INJUNCTION ON CONSENT

It is hereby ORDERED, ADJUDGED AND DECREED that:

During the pendency of the above-referenced action, Defendants, RODAX DISTRIBUTORS, INC. d/b/a CABALLERO VIDEO, M. MORRIS, INC. d/b/a CABALLERO VIDEO, DANIEL MAMANE and TOMER YOFFE ("Defendants"), any entities controlled by any of Defendants, in whole or part, their agents, servants, employees, and attorneys and any person(s) or entities acting in

concert or participation with any of them, be and are hereby restrained and enjoined from, directly or indirectly: (a) using the designations BEN & CHERRY'S, HAIRY GARCIA, EVERYTHING BUT THE BUTT, LATE NIGHT SNATCH, AMERICONE CREAM, NEW YORK SUPER FAT & CHUNKY, BOSTON CREAM THIGH, COCONUT 7 LAY-HER BAR, CHOCOLATE FUDGE BABES, PEANUT BUTTER D-CUPS, BANANA CLIT or any substantially similar designations, and the trade dress and labels depicted in Exhibit A to this Order, or any copies, simulations, imitations, or substantially similar variations thereof (collectively, the "Infringing Materials") on or in connection with the sale, manufacture, distribution, offering for sale, advertisement, exhibition, importation, exportation and/or promotion of any products; (b) manufacturing, selling, distributing, offering for sale, advertising, exhibiting, importing, exporting, or promoting any products or services which display, reproduce, copy or use the Plaintiffs' ("Plaintiffs" is hereby defined as either or both of BEN & JERRY'S HOMEMADE, INC. and CONOPCO, INC.) products, trademarks, trade dress, copyrighted or other proprietary materials, and/or other intellectual property, or which incorporate or use any label, package, wrapper, container or any other promotional or advertising material which reproduces, copies, counterfeits, imitates or bears the BEN & JERRY'S®, VERMONT'S FINEST®, CHERRY GARCIA®, EVERYTHING BUT THE ...®, LATE NIGHT SNACK™, AMERICONE DREAM™ and/or NEW YORK SUPER FUDGE CHUNK® trademarks or any other trademark, or ice cream flavor name owned or used by Plaintiffs, and/or any colorable imitations thereof, and/or any of Plaintiffs' trade dress, copyrights, or artwork ("Plaintiffs' Intellectual Property"); (c) engaging in any conduct that is likely to dilute any of Defendants' trademarks or trade dress, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, or falsely to represent that, the actions of Defendants, the products sold by Defendants, or Defendants

2

themselves are connected with Plaintiffs, or are otherwise sponsored, approved or licensed by, or in some way affiliated with, Plaintiffs; (d) affixing, applying, annexing or using in connection with the importation, exportation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including any words or other symbols, falsely describing or representing such goods or services as being those of Plaintiffs; (e) registering, applying to register, or maintaining as, or as part of, a trademark, service mark, copyright, business name, domain name, trade name, social media handle or identifier, or other source identifier or symbol of origin, any name, mark, logo, trade dress, copyright or artwork owned and/or used by the Plaintiffs and/or any of their affiliates, and/or any counterfeit, copy, simulation, confusingly similar variation and/or imitation thereof, whether alone or in combination with any other words and/or designs, and/or any other mark, trade dress and/or name that dilutes, infringes on and/or is likely to be confused with and any name, mark, logo and/or trade dress owned and/or used by any of Plaintiffs and/or any of their affiliates; (f) destroying or otherwise disposing of any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and any and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the products bearing the Infringing Materials; (g) challenging any of Plaintiffs' rights in Plaintiffs' Intellectual Property; and (h) aiding, assisting or abetting any person or entity in doing any act prohibited by Subparagraphs (a) through (g).

IT IS FURTHER ORDERED, that Defendants immediately: (a) recall all products bearing or consisting of the Infringing Materials or any other symbols, indicia or devices identifying and/or associated with Plaintiffs or the Plaintiffs' Intellectual Property from all warehouses, stores, websites and distributors (regardless of whether such distributors are controlled by Defendants or independent);

3

(b) notify each and every warehouse, distributor, store and entity to which Defendants have sold or distributed the Infringing Materials demanding that it remove all advertising, marketing and promotional material featuring any products bearing the Infringing Materials or any symbols, artwork, indicia or devices identifying and/or associated with Plaintiffs or the Plaintiffs' Intellectual Property and return same to Defendants; (c) remove from all websites owned or controlled by Defendants any and all references to and images of any products bearing the Infringing Materials or any symbols, artwork, indicia or devices identifying and/or associated with Plaintiffs or the Plaintiffs' Intellectual Property, including, but not limited to, electronic versions of Defendants' promotional catalog; (d) cease distribution of all products bearing or using the Infringing Materials or Plaintiffs' Intellectual Property from each and every warehouse distribution center from which such materials are being distributed; (e) provide Plaintiffs with the name(s) of the entity or entities or person(s) to which or to whom Defendants sold, delivered or distributed any products bearing the Infringing Materials; and (f) provide Plaintiffs with the address(es) of the location(s) to which the products bearing the Infringing Materials were shipped and the quantities shipped.

IT IS FURTHER ORDERED, that Defendants: (a) immediately destroy all products, labels, and advertising materials using or including the Infringing Materials; (b) immediately destroy all digital files, molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the Infringing Materials; and (c) provide an affidavit of destruction of all materials described in this paragraph to Plaintiffs within 7 days of the destruction of the materials.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants irrevocably consent to the exclusive jurisdiction of and venue in this Court, that this Court retains jurisdiction to resolve any disputes between the parties and that should any action by any of the parties be necessary

to enforce any of the terms or conditions of this Injunction on Consent, New York law shall govern such action and the prevailing party shall be entitled to its attorneys' fees and costs in addition to other relief, and the other parties agree to pay the prevailing party's attorneys' fees and costs within forty-five (45) days of entry of judgment against them.

The Undersigned Defendants Consent to the Immediate Entry of this Injunction on Consent:

RODAX DISTRIBUTORS, INC.
d/b/a CABALLERO VIDEO

By: _____
Name: Tomer Yoffe
Title: President
Date: 9/10/12

_____
DANIEL MAMANE
Date: 9/10/12

M. MORRIS, INC.
d/b/a CABALLERO VIDEO

By: _____
Name: Tomer Yoffe
Title: President
Date: 9/10/12

_____
TOMER YOFFE
Date: 9/10/12

SO ORDERED  The Clerk shall terminate plaintiff's motion for a preliminary injunction.

New York, New York
9/11, 2012
Issued at 3:13 pm

_____
Honorable Lewis A. Kaplan
UNITED STATES DISTRICT JUDGE

5