Kaplan, J.



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN & JERRY'S HOMEMADE, INC. and CONOPCO, INC., <br><br>Plaintiffs,<br><br>v.<br><br>RODAX DISTRIBUTORS, INC. d/b/a CABALLERO VIDEO, M. MORRIS, INC. d/b/a CABALLERO VIDEO, DANIEL MAMANE and TOMER YOFFE,<br><br>Defendants. | Case No.: 12 CIV 6734 (LAK) |



## CONSENT JUDGMENT

WHEREAS, this action was commenced on September 10, 2012 by the filing of the Summons and Complaint, copies of the Summons and Complaint having been duly served on the defendants;

WHEREAS, in the Complaint, Plaintiffs Ben & Jerry's Homemade, Inc. and Conopco, Inc. (collectively, "Plaintiffs") seek injunctive relief and monetary damages against defendants Rodax Distributors, Inc. d/b/a Caballero Video, M. Morris, Inc. d/b/a Caballero Video, Daniel Mamane and Tomer Yoffe for various claims of federal trademark and trade dress dilution and infringement of Plaintiffs' famous federally registered BEN & JERRY'S® trademarks and trade dress, and federal unfair competition, and for substantial and related claims of unfair competition, deceptive trade practices, dilution, tarnishment and injury to business reputation under the state and common laws of the State of New York;

DM2\4386050.1

WHEREAS, Plaintiffs sought and obtained a Temporary Restraining Order against Caballero which was issued on September 5, 2012 ("Temporary Restraining Order"); and

WHEREAS, on September 10, 2012, Unilever and Caballero executed and sought the entry of an Injunction on Consent in the Civil Action, which was entered by the Court on September 11, 2012.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants Rodax Distributors, Inc. d/b/a Caballero Video and M. Morris, Inc. d/b/a Caballero Video (collectively, "Defendants"), any entities controlled by any of Defendants, in whole or part, their agents, servants, employees, and attorneys and any person(s) or entities acting in concert or participation with any of them, be and are hereby restrained and enjoined from, directly or indirectly:

1. using the designations BEN & CHERRY'S, HAIRY GARCIA, EVERYTHING BUT THE BUTT, LATE NIGHT SNATCH, AMERICONE CREAM, NEW YORK SUPER FAT & CHUNKY, BOSTON CREAM THIGH, COCONUT 7 LAY-HER BAR, CHOCOLATE FUDGE BABES, PEANUT BUTTER D-CUPS, BANANA CLIT or any substantially similar designations, and the trade dress and labels depicted in Exhibit A to this Order, or any copies, simulations, imitations, or substantially similar variations thereof (collectively, the "Infringing Materials") on or in connection with the sale, manufacture, distribution, offering for sale, advertisement, exhibition, importation, exportation and/or promotion of any products;

2. manufacturing, selling, distributing, offering for sale, advertising, exhibiting, importing, exporting, or promoting any products or services

which display, reproduce, copy or use the Plaintiffs' products, trademarks, trade dress, copyrighted or other proprietary materials, and/or other intellectual property, or which incorporate or use any label, package, wrapper, container or any other promotional or advertising material which reproduces, copies, counterfeits, imitates or bears the BEN & JERRY'S®, VERMONT'S FINEST®, CHERRY GARCIA®, EVERYTHING BUT THE ...®, LATE NIGHT SNACK™, AMERICONE DREAM™ and/or NEW YORK SUPER FUDGE CHUNK® trademarks or any other trademark, or ice cream flavor name owned or used by Plaintiffs, and/or any colorable imitations thereof, and/or any of Plaintiffs' trade dress, copyrights, or artwork ("Plaintiffs' Intellectual Property");

3. engaging in any conduct that is likely to dilute any of Plaintiffs' trademarks or trade dress, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, or falsely to represent that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, or are otherwise sponsored, approved or licensed by, or in some way affiliated with, Plaintiffs;

4. affixing, applying, annexing or using in connection with the importation, exportation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including any words or other symbols, falsely describing or representing such goods or services as being those of Plaintiffs;

5. registering, applying to register, or maintaining as, or as part of, a trademark, service mark, copyright, business name, domain name, trade name, social media handle or identifier, or other source identifier or symbol of origin, any name, mark, logo, trade dress, copyright or artwork

       owned and/or used by the Plaintiffs and/or any of their affiliates, and/or any counterfeit, copy, simulation, confusingly similar variation and/or imitation thereof, whether alone or in combination with any other words and/or designs, and/or any other mark, trade dress and/or name that dilutes, infringes on and/or is likely to be confused with any name, mark, logo and/or trade dress owned and/or used by any of Plaintiffs and/or any of their affiliates;

6. destroying or otherwise disposing of any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and any and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the products bearing the Infringing Materials;

7. challenging any of Plaintiffs' rights in Plaintiffs' Intellectual Property; and

8. aiding, assisting or abetting any person or entity in doing any act prohibited by Subparagraphs 1 through 7.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants irrevocably consent to the exclusive jurisdiction of and venue in this Court, that this Court retains jurisdiction to resolve any disputes between the parties and that should any action by either Plaintiffs or Defendants be necessary to enforce any of the terms or conditions of this Consent Judgment, New York law shall govern such action and the prevailing party shall be entitled to its attorneys' fees and costs in addition to other relief, and the other parties agree to pay the prevailing party's attorneys' fees and costs within forty-five (45) days of entry of judgment against them.

RODAX DISTRIBUTORS, INC.
By: _Tavn yoll_
Name: _Tavn xfl_
Title: _president_
Date: _7/25/13_

M. MORRIS, INC.
By: _Tvmi yoff_
Name: _Tami yxhe_
Title: _president_
Date: _7/25/13_

BEN & JERRY'S HOMEMADE, INC.
By: _D. Shwartz_
Name: _David Schwartz_
Title: _Vice President_
Date: _7/25/13_

CONOPCO, INC. D/B/A UNILEVER
By: _[signature]_
Name: _Stuart M Cohert_
Title: _Asst Sec'y_
Date: _7/25/13_

New York, New York
_7/29_, 2013

[signature]

Honorable Lewis A. Kaplan
UNITED STATES DISTRICT JUDGE